ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
483 Ninth Street, 2nd Floor
Oakland, CA  94607
Telephone:     (510) 625-9700
Facsimile:     (510) 625-8275
Email:          abaker@beesontayer.com

Attorneys for Defendant
Teamsters Locals 856 and 986

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| | |
|---|---|
| HENRY R. TUKAY,<br><br>                           Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 856/986,<br><br>                           Defendant. | Case No. C14-1906 JST<br><br>**DEFENDANT'S MOTION TO DISMISS**<br>[FRCP 12(b)(6)]<br><br>Hearing Date:     December 4, 2014<br>Hearing Time:    2:00 p.m.<br>Courtroom:       9, 19th Floor<br>Judge:              Hon. Jon S. Tigar<br>Complaint Filed: April 24, 2014<br>Trial Date:         None set |

## NOTICE OF MOTION TO DISMISS CLAIM

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 4, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard before District Judge Jon S. Tigar, in Courtroom 9, 19th Floor, U.S. District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Teamsters Locals 856 and 986 ("the Local Unions") will move the Court for an order to dismiss the Complaint brought by Plaintiff Henry Tukay against the Local Unions.  This motion is made pursuant to the Federal Rules of Civil Procedure 12(b)(6) for an order dismissing with prejudice Plaintiff's claims against the Union on the ground that the Complaint fails to state a cause of action against the Local Unions.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other and further evidence as may be presented at the hearing.

Dated:  October 21, 2014            BEESON, TAYER & BODINE, APC

By:      /s/Andrew H. Bake
      ANDREW H. BAKER
Attorneys for Teamsters Local 856

NOTICE OF MOTION & MOTION TO DISMISS      451881.doc
Case No. C14-1906 JST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

This matter is before the Court on the Motion to Dismiss filed by Defendant Teamsters Locals 865 and 986 ("the Local Unions" in response to the Complaint filed in this matter by Plaintiff Henry Tukay.

The claim against the Local Unions contained in the Complaint is one alleging that his recognized, exclusive collective bargaining representative has failed to represent Plaintiff in violation of the bargaining representative's duty of fair representation. The Complaint is in short one for alleged violation of the duty of fair representation.

Because the Local Unions are not and have never been Plaintiff's recognized collective bargaining representative, the claim against the Local Unions must be dismissed for failure to state a claim.

## II. STATEMENT OF FACTS

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion only.

Plaintiff was employed by United Airlines ("UAL") as a mechanic for twenty-three years when, at some time prior to January 9, 2013, UAL terminated his employment. (Compl., Exhs. 4 & 5.) Plaintiff's employment with UAL was covered by a collective bargaining agreement ("the CBA") that includes a grievance-arbitration procedure. (Compl., ¶ 5(a), p. 4.) His union is the "Teamsters." (*Id*.) The applicable CBA is between UAL and the International Brotherhood of Teamsters ("IBT"). (Copy attached as Exh. A at p. 1.) [1]

---

[1] Where documents are submitted in support of a motion to dismiss under Rule 12(b)(6) in order to shed light upon specific allegations referenced in the Complaint, or are public records, they are properly considered by the Court without converting the motion to one for summary judgment and the Court may rely upon them in deciding the motion to dismiss. *Watterson v. Page*, 987 F.2d 1, 4 (1st Cir. 1993)(noting that courts may give consideration to "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint.") *See also, New Beckley Mining Corp. v. United Mine Workers*, 18 F.3d 1161 (4th Cir. 1994); *Cortec Industries v. Sum Holding*, 949 F.2d 42, 47-48 (2d Cir. 1991); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Indeed, "(t]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff…. Where plaintiff has actual notice … and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely

At some point in time, a grievance was filed on behalf of Plaintiff protesting his termination. (Compl., ¶ 5(b).) On or about February 3, 2013, Plaintiff rescinded his written consent to a settlement of his grievance negotiated between his union and UAL. (Compl., ¶ 5(e); Exh. 5.) On or about October 28, 2013, Plaintiff received a letter from Richard Petrovsky, Teamsters Local 986 Business Agent, advising Plaintiff that, as "it has been determined that your grievance lacks merit, and we would not prevail in an arbitration proceeding," his "grievance will not be pursued any further and will be closed at this time." (Compl., ¶ 5(a); Exh. 1.) That letter was delivered to Plaintiff in an envelope bearing the name of "Teamsters Local Union No. 856" on the return address. (Compl., Exh. 1.)

Plaintiff alleges that the union's conduct in declining to take his grievance to arbitration breached "their Duty of Fair Representation." (Compl., ¶ 5(a).)

### III.  ARGUMENT

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, a court may rely upon the doctrine of "incorporation by reference" to consider documents "that were referenced extensively in the complaint and were accepted by all parties as authentic." *Id*.

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A properly pleaded complaint must offer more than a formulaic recitation of the causes of action; it is not enough simply to leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id*. at 1964-65, 1968. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

---

dissipated." *Cortec, supra.* In the present case, Plaintiffs refer to the collective bargaining agreement in the first paragraph of Section 5(a) of his Complaint (p. 4).

2

MEMO OF P'S & A'S ISO MOTION TO DISMISS                                                       451881.doc
Case No. C14-1906 JST

alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). The Court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**B.     The Claim Against the Local Unions Must Be Dismissed**

Because the Local Unions are not signatory to the collective bargaining agreement between the IBT and UAL, the Local Unions are therefore not the collective bargaining representative of Plaintiff, and the Complaint against the Local Union accordingly must be dismissed.

The exclusive representative of a bargaining unit owes a statutory duty to represent fairly all employees in the unit. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The duty of fair representation is a corollary of a union's right to exclusive representation. *Dycus v. NLRB*, 615 F.2d 820, 827 (9th Cir. 1980). *See also*, *Kuhn v. Nat'l Ass'n of Letter Carriers, Branch 5*, 528 F.2d 767, 770 (8th Cir. 1976) ("[E]xclusive representation is a necessary prerequisite to a statutory duty to represent fairly."). As the Supreme Court explained in *Vaca*, *supra* at 177 (citations omitted):

> It is now well established that, as the exclusive bargaining representative of the employees in Owens' bargaining unit, the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining with Swift … and in its enforcement of the resulting collective bargaining agreement…. The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act …, and was soon extended to unions certified under the N.L.R.A.… Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. …

Thus, it is the party that holds the right of exclusive representation upon whom the duty of fair representation is imposed, and not some other party.

MEMO OF P'S & A'S ISO MOTION TO DISMISS                                                                                                 451881.doc
Case No. C14-1906 JST

3

It is well established that international unions, such as the IBT, are separate legal entities from their affiliated Local Unions.  In this case, the sole party to the collective bargaining agreement with UAL is the IBT, not the Local Unions.

Representational obligations are not imposed on an international union simply because it is the "parent" of the designated Local Union representative.  *See, e.g., Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1215 (9th Cir.1980).  *See also, Tongay v. Kroger*, 860 F.2d 298 (8th Cir. 1988) (noting that IBT was not signatory to the collective bargaining agreement and therefore owed no duty of fair representation to the plaintiff).

Union entities, therefore, are routinely dismissed from duty of fair representation suits when they are neither the recognized collective bargaining representative nor a party to the contract.  *See, e.g. Teamsters Local 30 v. Helms, Inc.*, 591 F.2d 211, 217 (3rd. Cir.), *cert. denied*, 444 U.S. 837 (1979) (upholding 12(b)(6) motion dismissing intermediate union entity that was not signatory to the collective bargaining agreement); *Sine v. Local 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir.1984) ("Where, as here, the local is designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local can be held responsible."); *Baker v. Newspaper and Graphic Communications*, 628 F.2d 156, 165 (D.C.Cir.1980).  This rationale applies whether it is a local union, an international union, or any other union body that is designated as the exclusive bargaining agent responsible for representation a unit of employees covered by a collective bargaining agreement.

In the present case, the Local Unions are not parties to the collective bargaining agreement relationship.  Rather, as clearly set forth in the most recent collective bargaining agreement between UAL and the IBT, the IBT is the only signatory labor organization to that agreement. (Exh. A at p. 1.)  The IBT-UAL agreement provides in its Preamble:

> This agreement is made and entered into in accordance with the provisions of Title II of the Railway Labor Act, as amended, by and between United Air Lines, Inc., hereinafter referred to as the "Company," and the International Brotherhood of Teamsters, hereinafter referred to as the "Union," representing the employees composing the craft or class of Mechanics and Related Employees as certified by the National Mediation Board in Case R 7141 on April 1, 2008.

Similarly, Article I, Section B.1. of the IBT-UAL agreement expressly recognizes the IBT, and only the IBT, as the exclusive collective bargaining representative under this contract:

> The Company hereby recognizes the Union [i.e., the IBT] as the sole collective bargaining agent and authorized representative for those employees of United Air Lines, Inc. composing the craft or class of Mechanic and related employees, as certified by the National Mediation Board in Case No. R-7141 issued on April 1, 2008.

It is the IBT, then, and not the Local Unions, that is the designated bargaining representative of Plaintiff and his fellow UAL Mechanics, it is the IBT, and not the Local Unions, that is signatory to the applicable collective bargaining agreement, and thus it is the IBT, and not the Local Unions, upon which the duty of fair representation is imposed.

Consequently, as a matter of law, the Local Unions owe no duty of fair representation to Plaintiff and therefore his claim against the Local Unions must be dismissed.[2]

## IV.  CONCLUSION

For the reasons stated above, and based on the entire record in this matter, the Local Unions respectfully request the Court to dismiss with prejudice the Complaint against Defendants Teamsters Locals 856 and 986.

Dated:  October 21, 2014                    BEESON, TAYER & BODINE, APC


By:      /s/Andrew H. Baker
         ANDREW H. BAKER
         Attorneys for Teamsters Locals 856 & 986

---

[2] Local 856 must be dismissed as a party for the independent reason that Plaintiff alleges no conduct by Local 856 whatsoever in handling his grievance, or in having responsibility for handling his grievance.  The only reference to Local 856 that can be unearthed from the Complaint is the envelope that was used to deliver Petrovsky's October 2013 letter advising Plaintiff that no further action would be taken on his grievance.  An envelope hardly suffices as a basis for a duty-of-fair-representation claim against Local 856.

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

I declare that I am employed in the County of Alameda, State of California.  I am over the age of eighteen (18) years and not a party to the within cause.  My business address is 483 Ninth Street, 2nd Floor, Oakland, CA  94607.  On this day, I served the foregoing Document(s):

**DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS**

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At Beeson, Tayer & Bodine, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California.

☐ By Personal Delivering a true copy thereof, to the parties in said action, as addressed below in accordance with Code of Civil Procedure §1011.

☐ By Overnight Delivery to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(c), by placing a true and correct copy thereof enclosed in a sealed envelope, with delivery fees prepaid or provided for, in a designated outgoing overnight mail. Mail placed in that designated area is picked up that same day, in the ordinary course of business for delivery the following day via United Parcel Service Overnight Delivery.

☐ By Facsimile Transmission to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

☐ By Electronic Service.  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Henry P. Tukay  
P.O. Box 23463  
Pleasant Hill, CA  94523

Fax No.:  
Email:  hptukay@hotmail.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Oakland, California, on this date, October 21, 2014.

                                            /s/Esther Aviva  
                                      Esther Aviva, Secretary to Andrew H. Baker