Henry P. Tukay
PO Box 23463
Pleasant Hill CA 94523
(925)-300-8230
Pro Se Plaintiff

FILED
2014 NOV -3 P 2: 17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| HENRY P. TUKAY,<br>        Plaintiff<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 856/986, AND ITS REPRESENTATIVES,<br><br>        Defendants. | Case No. Civ. C14-1906 JST<br><br>**COMPLAINT FOR FAILURE AND BREACH OF DUTY OF FAIR REPRESENTATION (DFR)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS' (IBT) LOCAL 856/986 (1) MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S COMPLAINT FOR FAILURE AND BREACH OF DUTY OF FAIR REPRESENTATION (DFR) (2) PROPOSED ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant has filed a Motion to Dismiss with Prejudice ("Motion") based on Federal Rules of Civil Procedure 12(b)(6) (Doc. 16.), the assertion that the Local Unions are not the plaintiff's bargaining representative and a Proposed Order Granting Motion to Dismiss (Doc. 17). Plaintiff opposes the Motion.

Rule 12(b)(6), Federal Rules of Civil Procedure, provides that a party may assert by motion a defense based on "failure to state a claim upon which a relief can be granted." The Rule 12(b)(6) has been tested in recent years. In **Conley v. Gibson, 355 U.S. 41 (1957)**, the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "The accepted rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **355 U.S. at 45-46**. In **Bell Atlantic Corp. v. Twombly, 55 U.S. 544 (2007)**, the Court examined questions regarding the "no set of facts" test and indicated that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint", **id. at 563**. The Court continued: "**Conley,** then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." **Id.** The Court further elaborated on the test, with this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face,"" **Ashcroft v. Iqbal, 556 U.S. 662 (2009)** Where a complaint is inadequate, leave to amend the complaint is common, e.g., **Butt v. United Brotherhood of Carpenters and Joiners of America, No. 09-4285 WL 2080034 (E.D. Pa. May 19, 2010).** The issue before this Court when considering such a motion is not whether plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." **McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.,**

839 F. Supp. 2D 562, 565 (E.D.N.Y. 2012) ( citing to Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001)).

But defendant (IBT) asserts no factual inadequacy in the Complaint – and seeks dismissal "with prejudice" after the consolidated motion hearing. As set forth below, Plaintiff has met this standard of review, well within the meaning of the foregoing case law, thus warranting denial of defendant's motion in its entirety.

## LEGAL ARGUMENT

### I. DEFENDANT'S ASSERTION THAT THE "LOCAL UNION ARE NOT THE COLLECTIVE BARGAINING REPRESENTATIVE OF THE PLAINTIFF"

The defendant's argument above is absurd, defies logic and reason and another egregious attempt to evade their statutory duties and responsibilities to union members. It is well established that the locals or "Local Union" are the immediate representatives of the membership. Thousands of union members go through the "Local Unions" and their representatives for issues affecting their employment and whatever is covered under their (CBA's) Collective Bargaining Agreements. The "Local Union" is a part of, an appendage of the "Union" as a whole. Representatives of "Local Union", in this case, the so called "Airline Division" of Local 856/986 of the Teamsters Union, which is still part of (IBT) International Brotherhood of Teamsters. The "Local Union" conducts negotiations, contracts with the respective employers and deals with the union membership at the local level supposedly in enforcing and abiding by the terms of the Collective Bargaining Agreement (CBA).

- 4 -

To quote the defendant's own argument which is contradictory to their position: **Sine v. Local 992, Int'l Bhd. Of Teamsters, 730 F.2d 964, 966 (4th Cir. 1984)** ("Where, as here, the local is designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local can be held responsible."). Thus the "Local Union", in this case, the "Airline Division" of Teamsters Union Local 856/986 of the IBT is the duly constituted representative of the plaintiff herein.

## II. PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES THE CLAIM FOR FAILURE AND BREACH OF DUTY OF FAIR REPRESENTATION AND CAUSES OF ACTION.

The Complaint spells out specific instances of defendant/s and its representatives' actions that constitutes bad faith representation, deception, and other arbitrary conduct that breached their Duty of Fair Representation (DFR) (See Statement of Facts and Claims; Exhibits 1 through 6 of the Complaint) but defendant herein seeks dismissal by invoking conventional rhetoric. Defendant/s contention that Complaint's allegations are mere "formulaic recitations" and "conclusory" - a "conclusion" defendant/s can only arrive at by simply omitting discussion of the Complaint's numerous instances of union representatives' conduct and statements that would readily negate their claim and ignores case law that establishes the correct legal standard.

Defendant's inclusion of supposed "Tentative Agreement" between "United Airlines, Inc. and The Airline Technicians and related Employees as represented by the

- 5 -

International Brotherhood of Teamsters" actually spells out a multitude of representation clauses Local Unions have to adhere to. This recent "Tentative Agreement" certainly provides for arbitration proceedings as the final step of the grievance process. It is in this case that the defendant union failed to pursue further abitration by simply saying on undated letter certified mail that plaintiff's grievance supposedly "lacks merit" and would not be "pursued further". Their actions, statements and conduct are the subject of this Complaint and certainly cannot be found in the defendant's attached Exhibit A or "Tentative Agreement". This is simply an attempt at taking the Court's time in deciphering and sifting through individual procvisions of this voluminous contract or "Tentative Agreement" and another attempt at deflecting at the true issues in this case, that is, their failure and breach of Duty of Fair Representation.

Defendant stated that plaintiff herein "'rescinded his written consent to a settlement of his grievance negotiated between his union and UAL". Plaintiff attaches the said "settlement" as Exhibit 7 and informs the Court that the grievance steps at that time has not been commenced. As the Court can see this said "settlement" wholly favors and benefits UAL, United Airlines (plaintiff's former employer), is devoid of any benefits to the plaintiff after his 23 plus years of faithful service with this employer. This said "settlement" from the very provisions deprives plaintiff of his rights and spells out specifics as to what the plaintiff can do. Plaintiff considers said "settlement" an insult and certainly demeaning and degrading by the very language of its provisions. In fact the Local Business Agent of Local 856/986 of Int'l Bhd. of Teamsters (IBT) said in his

- 6 -

own words the "settlement" agreement was "pretty shitty".

This was what this "Union" wanted the plaintiff to agree on and supposedly what was "negotiated". Plaintiff herein thus rescinded said "settlement" after much thought and deliberation. Plaintiff was hoping defendant would pursue his grievance up to the arbitration level due to the inherent unfairness at the initial steps that favors the company and the "Local Union" is well aware of that.

Plaintiff and the "Union" are aware of instances wherein other employees may have committed more serious infractions and returned back to employment. This shows the employer's, United Airlines', serious case of double standard and or discriminatory conduct in terms of firing employees. In fact this argument was advanced and presented by lower level union representatives at the plaintiff's grievance hearings prior to the arbitration level. Defendant in its own website purports to fight for union members: "to maintain a consistent, fair and equitable application of company policies, to ensure there is no "Disparate Treatment" or violation of past practices", see Exhibit 6 of the Complaint. Plaintiff herein respectfully asks this Court to see plaintiff's Statement of Facts and Claims, Exhibits 1 through 6 in the initial Complaint (so as not to repeat the same pleadings herein) and also this latest attachment Exhibit 7, so called "negotiated agreement" between plaintiff and the company, United Airlines so the Court may see numerous instances of union representatives' conduct that constitutes bad faith, deception and or arbitrary representation of the plaintiff. Thus plaintiff herein was wronged when "Union" failed to pursue his grievance further.

-7-

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court deny defendant's motion to dismiss with prejudice the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the Proposed Order Granting Motion to Dismiss.

By: _____
Henry P. Tukay
Plaintiff

Henry P. Tukay
PO Box 23463
Pleasant Hill CA 94523
(925)-300-8230

Dated: October 29, 2014

# EXHIBIT 7

SETTLEMENT AND RELEASE AGREEMENT BETWEEN
UNITED AIRLINES AND HENRY P. TUKAY(PLAINTIFF)

REVOKED AND RESCINDED ON OR ABOUT 02/01/2013

**UNITED**

*SENT REVOCATION LETTER DATED 2/1/13*
*VIA US CERTIFIED MAIL 7012 1640 0002 0964 9695;*
*VIA EMAIL ON 2/3/13.*

Mr. Rich Petrovsky
Business Agent – Local 986
International Brotherhood of Teamsters

January 9, 2013

### Settlement and Release Agreement – Henry P. Tukay EID# 112827

Dear Mr. Petrovsky:

This letter will confirm the understanding and agreement reached between Mr. Henry P. Tukay, the Company, and the Union in full and final settlement of the proposed termination charges issued December 17, 2012, for an incident occurring on November 30, 2012.

Whereas Mr. Tukay submitted his request to retire after these termination charges were issued and the parties wish to resolve this matter. It was therefore agreed, subject to the following conditions, that all charges will be suspended by United Airlines in lieu of the following retirement provisions:

1. The "Effective Date" of this Letter of Agreement and Mr. Tuklay's retirement shall be seven (7) days following the first date it has been signed by all parties hereto.

2. Mr. Tukay will only be eligible for retiree medical benefits. Mr. Tukay will not now or at any time in the future be eligible for flight benefits, a retiree badge, parking privileges, access to company property, or any additional benefits either expressed or implied, other than the aforementioned medical benefits offered in this Agreement along with any pensions administered through the PBGC. It will be Mr. Tukay's responsibility to meet the eligibility requirements and make the necessary payments in order to maintain those benefits.

3. Mr. Tukay shall not be eligible for rehire by United or any of its subsidiaries at any time in the future.

4. Mr. Tukay's employee profile will be executed as a retirement in lieu of separation.

5. Mr. Tukay will not be entitled to any vacation accrual or pay during the period he was held out of service (HOS) during the investigative inquiries. He will not be eligible for retroactive benefits or insurance coverage during the period of (HOS).

6. Upon execution of this agreement, the Company will not pursue the termination charges.

7. In exchange for the valuable consideration being provided pursuant to this Agreement, Mr. Tukay fully releases, acquits, and discharges the Company, its parent corporation, officers, supervisors and employees, and the Union ("the Released Parties") from all claims (federal, state or local), grievances, matters, demands, causes of action and liabilities, of any kind or

nature whatsoever, whether known or unknown, which Mr. Tukay may, as of the date of his signature, hold or own, against the Released Parties, related to or arising from or could have been raised in connection with his United employment and separation.

8. Mr. Tukay expressly acknowledges and agrees that, by entering into this Agreement, he is waiving any and all rights or claims that he may have arising under the Age Discrimination in Employment Act of 1967, as amended, which have arisen on or before the date of the execution of the Agreement. He further expressly acknowledges and agrees that: (a) in return for this Agreement, he will receive consideration for which he otherwise would not have been eligible; (b) he has been advised to consult with an attorney before signing this Agreement; (c) he received a copy of this Agreement on **January 9, 2013**, and is being informed that he has twenty-one (21) days within which to consider the Agreement and, if he considered this Agreement for fewer than twenty-one (21) days, then he agrees that he has had a reasonable period of time to consider the Agreement; and (d) he was informed that he may revoke this Agreement within seven (7) days after he has executed such. After seven (7) days following the date he executed this Agreement, this Agreement will become effective or irrevocable ("the Effective Date"). Any revocation must be made in writing and delivered by hand, certified mail or email to the Company's Director of Labor Relations, Kellee Allain. Failure to revoke within seven (7) days will result in this waiver being permanent. If Mr. Tukay revokes within seven (7) days, the entire Agreement shall be null and void, including any warranties made herein.

9. The Parties agree that nothing in this Agreement is intended to or shall be construed to affect, limit or otherwise interfere with any non-waivable right of the undersigned under any Federal, state or local law, including the right to file a charge or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC") or to exercise any other right that cannot be waived under applicable law. The undersigned is releasing, however, his right to any monetary recover or relief should the EEOC or any other agency pursue claims on his behalf.

10. Mr. Tukay further agrees that he will not instigate, cause, advise or encourage any other persons, groups of persons, corporations, partnerships or any other entity to file litigation against UAL based upon events that were committed or omitted prior to the Effective Date of this Agreement. However, this specifically does not prohibit Mr. Tukay from testifying, assisting or participating in any manner in any investigation, proceeding or hearing addressing any other United employee's allegations of wrongdoing where such testifying, assisting or participating is protected under federal or state law.

11. The terms of this Agreement, and the very existence of this Agreement itself, shall remain strictly confidential. Each signatory to this Agreement individually covenants not to disclose any of the terms of this Agreement, whether generally or specifically, to any third party, except as may be required by order of a court of competent jurisdiction. Each signatory further covenants that he or it will be personally liable for any and all damages that may be caused to any other party by his/its unauthorized disclosure of any of the terms of this Agreement.

12. This Letter of Agreement was created and mutually agreed upon based on the unique circumstances in this specific situation. Both the Company and the Union agree this settlement is reached without setting a precedent, and without prejudice to any past, present or future grievance, and will not be cited by either party in cases other than those involving Mr. Tukay.

13. This Letter of Agreement is a compromise of disputed claims and is not intended to be, and is not, an admission of liability or fault by any party. The Parties agree to keep the terms of this agreement confidential.

14. The Parties agree to do all things necessary to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this agreement.

15. To the extent that a court of competent jurisdiction holds that any portion of this Agreement (other than the Covenant Not to Sue in Paragraph 7 and 8) is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

16. This Agreement represents and contains the entire agreement and understanding among the parties hereto with respect to the subject matter of this Agreement, and supersedes any and all prior oral and written agreements and understandings. No representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter shall be relied upon by the Parties except those contained herein.

17. This Letter of Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. In entering into this Agreement, the parties each acknowledge and represent that they have had the opportunity to have counsel review, explain, and investigate the facts pertaining to the Agreement contained herein as they deem necessary. They further represent that the terms of this Agreement have been completely read by them, and that those terms are fully understood and voluntarily accepted by them.

If this conforms to your understanding and agreement, please sign and date in the space provided. Also, please have Mr. Tukay read and acknowledge acceptance of the terms of this agreement by signing in the space provided below.

Sincerely,


Kellee Allain
Director – Human Resources, Tech Ops West            _____ day of _____, 2013
United Airlines (the "Company")

I understand and voluntarily accept the above terms of this agreement and my acceptance constitutes a full and final resolution of this matter. Accepted and agreed to

_____ day of _____, 2013

_____
Mr. Richard Petrovsky
International Brotherhood of Teamsters (the "Union")

I understand and voluntarily accept the above terms of this agreement and my acceptance constitutes a full and final resolution of this matter. Accepted and agreed to

~~29TH~~ day of ~~JANUARY~~, 2013

_____
Henry P. Tukay EID# 112827

NOTE:
SENT REVOCATION LETTER DATED 2/1/13 VIA US CERTIFIED MAIL NO. 7012 1640 0002 0964 4695, VIA EMAIL ON 2/3/13 ADDRESSED TO KELLEE ALLAIN, DIRECTOR OF LABOR RELATIONS SFOHR UNITED AIRLINES, AND TO RICHARD PETROVSKY IBT REPRESENTATIVE LOCAL 986 TEAMSTERS UNION.