HENRY P. TUKAY
PO Box 23463
Pleasant Hill CA 94523
(925)-300-8230
In Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| HENRY P. TUKAY,<br><br>　　　　Plaintiff<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 856/986, ITS REPRESENTATIVES, and DOES 1-10<br><br>　　　　Defendants. | CASE NO. CV - 14 - 01906 - JST<br><br>NOTICE OF MOTION and MOTION TO REINSTATE ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE  60(b)1, 60(b)3, 60(b)6; 60(c)1, 60(d)1<br><br>Date: April 16, 2015<br>Time: 2:00 P.M.<br>Courtroom: 9, 19TH Floor<br>Judge: Hon. Jon S. Tigar<br>Complaint Filed: April 24. 2014<br>Trial Date: No Date Set |

**NOTICE OF MOTION AND  MOTION TO REINSTATE COMPLAINT**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD AND THE LAW OFFICES OF BEESON, THAYER AND BODINE:

PLEASE TAKE NOTICE THAT on April 16, 2015, at 2:00 PM or as soon thereafter as the matter maybe heard in Courtroom 9, 19TH Flr, 450 Golden Gate Avenue, United States Courthouse, San Francisco CA 94102, before Honorable Jon S. Tigar, Plaintiff Henry P. Tukay will move the Court, pursuant to Federal Rules of Civil Procedures 60(b)(1),  60(b)(3), 60(b)(6),

---

Motion to Reinstate Complaint. Complaint for Failure
and Breach of Duty Fair Representation

Case No CV 14-01906-JST

60(c)(1), and 60(d)(1) for reinstating the Complaint ("The Complaint") and vacating the voluntary dismissal order of the Complaint on November 05, 2014, ECF 21.

This motion will be based on this NOTICE OF MOTION and MOTION TO REINSTATE THE COMPLAINT, THE MEMORANDUM OF POINTS AND AUTHORITIES BELOW and the PROPOSED ORDER FILED herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rules of Civil Procedures 60(b) provides in relevant part for this current action that the Plaintiff herein claims.

60(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;...
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party
    (6) any other reason that justifies relief.

Federal Rules of Civil Procedure 60(c), 60(d) provides:

60(c) TIMING AND EFFECT OF MOTION.
    (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding.
60(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a Court's powers to:
    (1) entertain an independent action to relieve party from a judgment, order, proceeding;

(1) Pursuant to Fed. Rules of Civil Procedure 60(b)(1), Plaintiff herein believes it was an inadvertent mistake, and he was taken by surprise by defendants, thus he mistakenly filed for and requested voluntary dismissal without prejudice on the instant action.. Plaintiff believes due to defendants' misrepresentation and extrinsic, intrinsic fraudulent conduct in representing him as a union member he has mistakenly filed for dismissal of the current action without prejudice,

## TABLE OF AUTHORITIES, RELATED CASES AND CITATIONS

1. **Yesh Music v. Lakewood Church, 2013 U.S. App. LEXIS 16884 (5TH CIR. Aug 14, 2013).** Recognizing the broad equitable power granted to District Courts under Rule60(b), the Court determined that District Courts retain jurisdiction to vacate voluntary dismissals without prejudice. "When interpreting Rules 41(a)(1) and 60(b), we are to give the Federal Rules Civil Procedure their plain meaning. As with a statute, our inquiry is complete if we find the text of the Rule(s) to be clear and unambiguous." "While Rule 60(b)(1-5) empowers the district court to grant relief because of a mistake' surprise, newly discovered evidence, fraud, or a void or discharged judgment, Rule 60(b)(6) permits vacatur for "any other reason that justifies relief."

2. **Pilot Freight Carriers, Inc. v. Int'l Bhd. Of Teamsters, 506 F.2d 914, 915 (5TH Cir. 1975).** Rule 41(a)(1) "on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at anytime prior to the defendant's service of an answer or motion for summary judgment".

3. **Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5TH Cir. 2005).** "[T]he effect of Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit...Stated differently, the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim."

4. **Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994); 10 Fairfax Countywide Ass'n v. Fairfax County, Va., 571 F.2d 1299, 1302-03(4TH Cir. 1978); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6TH Cir 1976).** The Fourth Circuit, Sixth Circuit, and Supreme Court have all found that when a claim is voluntarily dismissed pursuant to Rule 41(a)(1)(A)(ii) stipulated dismissal, the court retains the ability to vacate the stipulated dismissal under Rule 60(b)(6).

5. **In re Hunter, 66 F.3d 1002, 1004-05 (9TH Cir. 1995); Smith v. Phillips, 881 F.2d 902, 904 (10TH Cir. 1989).** Without distinguishing between voluntary dismissals with and without prejudice, the Ninth and Tenth Circuit have also broadly found that a voluntary dismissal " is a judgment, order, or proceeding from which Rule 60(b) can be granted."

6. **Nelson v. Napolitano, 657 F.3d 586, 589 (7TH Cir. 2011).** The 7TH Circuit then concluded that Rule 60(b) vacaturs are within the realm of powers retained by a district court following a voluntary dismissal: "We agree that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action." Id at 589.

Motion to Reinstate Complaint. Complaint for Failure
and Breach of Duty Fair Representation

Case No CV 14-01906-JST

Fed. Rules of Civ. Proced 60(b)(3) . And finally, in the interests of justice and for the reasons outlined and stated in the original complaint [for the discriminatory, arbitrary, deliberate bad faith conduct of defendant/s' and their (defendant/s') breach of statutory duties] and pursuant to Fed. Rules of Civ. Procedure 60(b)(6), "any other reason that justifies relief", Plaintiff herein and for the foregoing grounds respectfully seeks and requests the Court to reinstate the original Complaint.

(2)     Defendants will not be prejudiced if the Court reinstates the Complaint as the Court has not made any judicial determination as to the merits of the Complaint.

(3)     Plaintiff believes that the Statutes of Limitations has not passed due to these actions: He has a Notice of Right to Sue in State Court that has not yet expired and is good until March 26, 2015; to date the EEOC, due to apparent backlogs, his EEOC/FEHA Charge No. 555-2014-00533, still has not commenced an investigation. Plaintiff thus has recently requested a federal Notice of Right to Sue from EEOC on his complaint but he has not received one to date. So as not to further delay and lose his rights plaintiff decides to pursue this matter now before this Court.

///

///

///

///

///

///

///

///

Motion to Reinstate Complaint. Complaint for Failure
and Breach of Duty Fair Representation

Case No CV 14-01906-JST

Respectfully Sought and Requested:

Dated: March 04, 2015

*[signature]*

Henry P. Tukay
PO Box 23463
Pleasant Hill CA 94523
In Pro Per

---

Motion to Reinstate Complaint. Complaint for Failure
and Breach of Duty Fair Representation

Case No CV 14-01906-JST