ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
483 Ninth Street, 2nd Floor
Oakland, CA  94607
Telephone:     (510) 625-9700
Facsimile:      (510) 625-8275
Email:            abaker@beesontayer.com

Attorneys for Defendants
Teamsters Locals 856 and 986

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AT SAN FRANCISCO

| | |
|---|---|
| HENRY R. TUKAY,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 856/986,<br><br>　　　　　　　　　　　　Defendant. | Case No. C14-1906 JST<br><br>**OPPOSITION TO MOTION TO REINSTATE ORIGINAL COMPLAINT**<br><br>Hearing Date:　　April 16, 2015<br>Hearing Time:　　2:00 p.m.<br>Courtroom:　　　9<br>Judge:　　　　　Jon S. Tigar<br>Complaint Filed:　April 24, 2014<br>Trial Date:　　　None set |

**INTRODUCTION**

This case is before the Court pursuant to Plaintiff Henry Tukay's Motion to Reinstate his Complaint filed April 24, 2014, and voluntarily dismissed November 3, 2014.  We show below that there is no basis under Federal Rules of Civil Procedure Rule 60(b) to grant Plaintiff's Motion, and we respectfully request that it be denied.

**STATEMENT OF FACTS**

Plaintiff's cause of action is for an alleged breach of the duty of fair representation ("DFR") the Defendant Local Unions (Teamsters Locals 856 and 986) allegedly owed him under federal labor law.  (Compl., ¶ 2.)  Plaintiff's Complaint contains the following pertinent allegations.  Plaintiff was employed by United Airlines ("UAL") as a mechanic for twenty-three years when, at some time prior to January 9, 2013, UAL terminated his employment.  (Compl., Exhs. 4 & 5.)  Plaintiff's employment

with UAL was covered by a collective bargaining agreement that includes a grievance-arbitration procedure. (Compl., ¶ 5(a), p. 4.) His union is the "Teamsters." (*Id*.) At some point in time, a grievance was filed on behalf of Plaintiff protesting his termination. (Compl., ¶ 5(b).) On or about February 3, 2013, Plaintiff rescinded his written consent to a settlement of his grievance negotiated between his union and UAL. (Compl., ¶ 5(e); Exh. 5.) On or about October 28, 2013, Plaintiff received a letter from Richard Petrovsky, Teamsters Local 986 Business Agent, advising Plaintiff that, as "it has been determined that your grievance lacks merit, and we would not prevail in an arbitration proceeding," his "grievance will not be pursued any further and will be closed at this time." (Compl., ¶ 5(a); Exh. 1.) Plaintiff alleges that the union's conduct in declining to take his grievance to arbitration breached "their Duty of Fair Representation." (Compl., ¶ 5(a).)

On October 21, 2014, the Defendant Local Unions filed a Motion to Dismiss the Complaint. On November 3, 2014, Plaintiff filed a "Motion to Dismiss the Complaint Without Prejudice." On November 5, 2014, this Court issued an Order Noting Dismissal of the Complaint, noting that no court action was required to approve Plaintiff's voluntary dismissal of his Complaint.

Some four months later, on March 10, 2015, Plaintiff filed the pending Motion to Reinstate Complaint, citing Federal Rule of Civil Procedure 60(b). Plaintiff has filed no declarations in support of his Motion. Instead, he simply asserts that he "believes it was an inadvertent mistake, and he was taken by surprise by defendants, thus he mistakenly filed for and requested voluntary dismissal without prejudice in the instant action." By way of further explanation, he adds: "Plaintiff believes due to defendants' misrepresentation and extrinsic, intrinsic fraudulent conduct in representing him as a union member he has mistakenly filed for dismissal of the current action…."

It appears that Plaintiff seeks to reinstate his Complaint in order to pursue a claim of discrimination that is the subject of an EEOC charge. (See Pl.'s Motion at p. 3, lines 11-18.)

**ARGUMENT**

Federal Rule of Civil Procedure 60(b) provides as follows.

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1  **(1)** mistake, inadvertence, surprise, or excusable neglect;

2  **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

4  **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

5  **(4)** the judgment is void;

6  **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

7

8  **(6)** any other reason that justifies relief.

9  A motion brought under Rule 60 must be timely.  Federal Rule of Civil Procedure 60(c)(1) provides

10  as follows.

11  **(c) Timing and Effect of the Motion.**

12  **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

13

14

15  The Ninth Circuit, quoting *DiVito v. Fidelity and Deposit Company of Maryland*, 361 F.2d

16  936, 938 (7th Cir. 1966), has noted: "Rule 60(b) provides for extraordinary relief and may be invoked

17  only upon a showing of exceptional circumstances."  *Ben Sager Chemicals Int'l, Inc. v. E. Targosz &*

18  *Co*., 560 F.2d 805, 809 (7th Cir. 1977).

19  Here, Plaintiff  has cited Sections (1), (3) and (6) of Rule 60(b) as the bases on which he seeks

20  extraordinary relief to have his original Complaint reinstated.  But Plaintiff has presented this Court

21  with nothing that would support his Motion under any of these criteria.

22  For "mistake" or "surprise," Plaintiff simply asserts, without any supporting facts, that

23  Defendants somehow (by filing a Motion to Dismiss, perhaps) caused him to be "taken by surprise,"

24  and that he "mistakenly" filed his voluntary dismissal.  Plaintiff has failed to set forth facts

25  demonstrating a mistake.

26  For "fraud" by an opposing party, Plaintiff asserts, without any supporting facts, the absurd

27  proposition that Defendants' "fraudulent conduct in representing him as a union member" somehow

28

1  caused him to file his voluntary dismissal.  Plaintiff has failed to set forth facts demonstrating that
2  anyone committed any fraud that had anything to do with the dismissal of his Complaint.
3      Finally, under the catchall of "any other reason that justifies relief," Plaintiff simply cites to
4  the allegations in his Complaint as a basis for relief.  Relief under section 60(b)(6) is reserved for
5  "extraordinary circumstances."  Where, as here, none are alleged, denial of the motion is required.
6  *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).
7      "The court must also consider the potential prejudice that would result from vacating the
8  voluntary dismissal."  *Int'l Allied Printing Trades Ass'n. v. Am. Lithographers, Inc*., 233 F.R.D. 554,
9  556 (N.D. Cal. 2006).  Plaintiff asserts that reinstatement of his Complaint would be without
10 prejudice to the Defendant Local Unions.  But Plaintiff is wrong on this point.  And this gets us to the
11 heart of the matter here, both as to why the Defendants so strongly oppose Plaintiff's Motion, and as
12 to what Plaintiff is, apparently, really trying to accomplish with his Motion.
13     The Complaint Plaintiff voluntarily dismissed is a DFR Complaint; he alleges the Defendant
14 Unions breached the duty of fair representation they allegedly owed him in his employment with his
15 employer.  The statute of limitations for a DFR complaint is six months.  *Kelly v. Burlington
16 Northern Railroad*, 896 F.2d 1194 (9th Cir. 1990); *Kalombo v. Hughes Market, Inc*., 886 F2d 258 (9th
17 Cir. 1989); *Walls v. Int'l Longshoremen's and Warehousemen's Union, Local 23*, 10 Fed. Appx. 485
18 (9th Cir. 2001).  *See also*, *Williams v. UAL, Inc*., 2012 WL 6523409 (N.D. Cal. 2012); *Mohr v. Assoc.
19 of Flight Attendants, Local Council 66*, 2012 WL 2361729 (N.D. Cal. 2012).
20     For DFR claims, the statute of limitations begins to run when a plaintiff "knew, or should
21 have known, of defendants' wrongdoing."  *Allen v. United Food & Commercial Workers
22 International*, 43 F.3d 424, 427 (9th Cir. 1994).  As the Ninth Circuit explained in *Galindo v. Stoody
23 Co*., 793 F.2d 1502, 1509 (9th Cir. 1986) (citations omitted):

> The vast majority of duty of fair representation claims arise in the grievance procedure context: the employee claims that a union failed to process a grievance or mishandled its presentation. In determining when the six-month period accrues, the simplest case is one where a union decides not to file a grievance; the cause of action generally accrues when the employee learns or should have learned of the union's decision. … Similarly, where a duty of fair representation suit seeks to overturn an unfavorable arbitration award on the ground that the union

> committed errors in the arbitration proceedings, the claim accrues when the employee learns of the arbitrator's award.

Here, the "injury" that is the basis for Plaintiff's DFR claim is the Unions' refusal to take his grievance to arbitration. Plaintiff learned of the decision that his grievance had been closed no later than his October 28, 2013, receipt of the Petrovsky letter so advising him. October 28, 2013, thus, is the date the six-month statute of limitations on his DFR claim began to run.

The statute of limitation on Plaintiff's DFR claims against the Defendant Local Unions therefore expired on April 28, 2014. Plaintiff's Complaint was filed April 24, 2014, just under the wire. But it is now too late for Plaintiff to file a *new* DFR complaint; the statute of limitation has expired. On the other hand, if Plaintiff were allowed to reinstate his Complaint, the Complaint's original filing date would be reinstated as well.

Accordingly, the Defendant Local Unions would, indeed, be prejudiced by a decision permitting Plaintiff to reinstate his DFR Complaint. Reinstatement of the Complaint is the only method by which Defendants will again be forced to defend against his DFR claim.

It appears from Plaintiff's Motion, however, that he is seeking to reinstate his original Complaint in the mistaken belief he must do so in order to pursue a *different* claim against the Defendant Unions. Thus, Plaintiff makes reference to an EEOC charge and his apparent intention of pursuing his discrimination claim that is the subject of that charge in a federal court action. Obviously, Plaintiff need not resuscitate his DFR Complaint in order to pursue a discrimination claim alleging a violation of an anti-discrimination statute.

Furthermore, for reasons he does not explain, Plaintiff delayed some four months before seeking to reinstate his Complaint. Federal Rule of Civil Procedure 60(c) requires parties seeking relief under Rule 60 to bring their motion for relief "within a reasonable time." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, *supra,* 657 F.2d at 1055. Here, Plaintiff waited four months before seeking relief pursuant to Rule 60. He has provided no explanation for this delay, and suggested no newly discovered "facts" that would excuse such delay.

# CONCLUSION

In sum, Plaintiff has failed to articulate any facts that would support his claim for relief under Rule 60(b)(1), (3) or (6); granting Plaintiff's Motion would prejudice the Defendant Local Unions while imposing no prejudice on Plaintiff's ability to bring a new *discrimination* complaint against Defendants (presuming this is at least in large part, if not exclusively, the reason for Plaintiff's Motion in the first place); and Plaintiff failed to bring his Motion within a reasonable time, as required by Rule 60(c)(1).

That Plaintiff appears before this Court *pro se* does not preclude denial of his Motion. Even *pro se* parties must satisfy the requirements of Rule 60 to demonstrate exceptional circumstances warranting extraordinary relief. *See*, *e.g*., *Baker v. SRS & Associates*, 2010 WL 5479680 (N.D. Cal. 2010); *Stinson v. G. Galaza*, 2008 WL 1751966 (E.D. Cal. 2008); *Meyer v. Khoury*, 2012 WL 3877646 (N.D. Cal. 2012) *aff'd sub nom. Meyer v. Matteneucci*, 584 Fed. Appx. 586 (9th Cir. 2014).

Accordingly, Defendants respectfully request the Court to deny Plaintiff's Motion.

Dated:  March 25, 2015                                      BEESON, TAYER & BODINE, APC

                                                           By:      /s/Andrew H. Baker
                                                                  ANDREW H. BAKER
                                                           Attorneys for Teamsters Locals 856 & 986

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT CALIFORNIA

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 483 Ninth Street, 2nd Floor, Oakland, CA 94607. On this day, I served the foregoing Document(s):

**OPPOSITION TO MOTION TO REINSTATE ORIGINAL COMPLAINT**

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Beeson, Tayer & Bodine, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California.

☐ By Personal Delivering a true copy thereof, to the parties in said action, as addressed below in accordance with Code of Civil Procedure §1011.

☐ By Overnight Delivery to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(c), by placing a true and correct copy thereof enclosed in a sealed envelope, with delivery fees prepaid or provided for, in a designated outgoing overnight mail. Mail placed in that designated area is picked up that same day, in the ordinary course of business for delivery the following day via United Parcel Service Overnight Delivery.

☐ By Facsimile Transmission to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

☐ By Electronic Service. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Henry P. Tukay  
P.O. Box 23463  
Pleasant Hill, CA 94523  

Email: hptukay@hotmail.com

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California, on this date, March 25, 2015.

/s/Esther Aviva  
Secretary to Andrew H. Baker