UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY TUKAY,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 856/986 (TEAMSTERS UNION),

    Defendant.

Case No. 14-cv-01906-JST

**ORDER DENYING MOTION TO REINSTATE ORIGINAL COMPLAINT**

Re: ECF No. 22

Before the Court is Plaintiff Henry P. Tukay's Motion to Reinstate Original Complaint Pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), 60(b)(6), 60(c)(1), and 60(d)(1). ECF No. 22. Defendant International Brotherhood of Teamsters Local 856/986 opposes the motion. ECF No. 26. For the reasons set forth below, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiff Tukay initiated this action on April 24, 2014, by filing a complaint alleging that Defendant breached its duty of fair representation under federal labor law. Compl., ECF No. 1, at 2. On November 3, 2014, he filed a "Motion to Dismiss the Complaint without Prejudice." ECF No. 18. The Court construed this filing as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. " ECF No. 21. The Court directed the Clerk to close the file on November 5, 2014. Id.

On March 10, 2015, Tukay filed a motion seeking an order reinstating his original complaint. ECF No. 22. Plaintiff states that "it was an inadvertent mistake, and he was taken by surprise by defendants, thus he mistakenly filed for and requested voluntary dismissal without

prejudice." Id. at 2. Furthermore, "Plaintiff believes due to defendants' misrepresentation and extrinsic, intrinsic fraudulent conduct in representing him as a union member he has mistakenly filed for dismissal." Id. Finally, he argues that because of the conduct alleged in his original complaint, the complaint should be reinstated in the interests of justice. Id. at 4.

## II.	LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time − and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60 does not limit the Court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

## III.	DISCUSSION

Tukay asks the Court to vacate his voluntary dismissal of this action, citing Rule 60(b)(1), (3), and (6). ECF No. 22. But he has not presented facts sufficient to support his request. Tukay states that he "believes it was an inadvertent mistake, and he was taken by surprise by defendants," and that he "mistakenly filed for dismissal" "due to defendants' misrepresentation and extrinsic, intrinsic fraudulent conduct in representing him," ECF No. 22 at 2, but he does not explain how the mistake was made or what improper conduct by Defendant during the litigation led him to dismiss his case. He certainly does not meet his burden under Rule 60(b)(3) to prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation or other

misconduct, and that the misconduct was not discoverable through due diligence prior to the voluntary dismissal.  See Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).  He directs the Court to the facts outlined in his original complaint, arguing that they justify relief, ECF No. 22 at 4, but does not explain why these alleged facts, which are unrelated to Plaintiff's decision to voluntarily dismiss his case in November 2014, justify the "extraordinary" relief contemplated by Rule 60(b)(6).  See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993) ("The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). Plaintiff does not articulate the rationale for his decision to dismiss his case, or in what way that decision might have been misinformed, coerced, or otherwise mistaken.  Where a plaintiff presents no facts supporting his request, relief under Rule 60(b) is not warranted.

## IV.   CONCLUSION

For the reasons discussed above, the motion is denied.

IT IS SO ORDERED.

Dated: April 20, 2015

_____
JON S. TIGAR
United States District Judge